THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEDIA PARTNERS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC.; TMC FRANCHISE CORPORATION; and DOES 1-10,<br><br>    Defendant. | Case No.: 18-CV-00232-TSZ<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF CIRCLE K STORES INC. AND TMC FRANCHISE CORPORATION**<br><br>**JURY TRIAL DEMANDED** |

Defendants Circle K. Stores Inc. ("Circle K") and TMC Franchise Corporation ("TMC"), collectively "Circle K Defendants," by and through undersigned counsel, hereby submit their answer and affirmative defenses in response to the Amended Complaint filed by Media Partners Corporation ("Media Partners" or "Plaintiff").

Circle K Defendants generally deny all allegations in the Amended Complaint that are not specifically admitted. As to the specific allegations, Circle K responds as follows:

## **ANSWER**

### I.  PARTIES

1. Circle K Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint and on that basis deny the allegations.

2. Circle K admits the allegations of Paragraph 2 of the Amended Complaint.

3. TMC admits the allegations of Paragraph 3 of the Amended Complaint.

4. Circle K Defendants admit the allegations of Paragraph 4 of the Amended Complaint.

5. Circle K Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Amended Complaint and on that basis deny the allegations.

## II.   JURISDICTION AND VENUE

6. Circle K Defendants admit that Plaintiff asserts claims under the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq. The remaining allegations of Paragraph 6 of the Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, Circle K Defendants do not dispute that the Court has subject matter jurisdiction over this lawsuit.

7. Circle K Defendants admit that they transact business in the State of Washington and have convenience stores located there, including in the Western District of Washington. However, Circle K Defendants deny the remaining allegations of Paragraph 7 of the Amended Complaint, including that personal jurisdiction and venue are proper in this Court, and specifically that any infringement of Media Partners' alleged copyrighted works occurred at all, let alone in this District.

## III.   MEDIA PARTNER'S BUSINESS AND COPYRIGHTS

8. Circle K Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint and on that basis deny the allegations.

9. Circle K Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint and on that basis deny the allegations.

10. Circle K Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint and on that basis deny the allegations.

11. Circle K Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint and on that basis deny the allegations.

### IV. DEFENDANTS' ALLEGED INFRINGING ACTIVITIES

12. Circle K Defendants deny the allegations of Paragraph 12 of the Amended Complaint.

13. Circle K Defendants deny the allegations of Paragraph 13 of the Amended Complaint.

14. Circle K Defendants deny the allegations of Paragraph 14 of the Amended Complaint.

15. Circle K Defendants deny the allegations of Paragraph 15 of the Amended Complaint.

16. Circle K Defendants deny the allegations of Paragraph 16 of the Amended Complaint.

### V. CAUSES OF ACTION

**A. Count I: Copyright Infringement**

17. Circle K Defendants deny the allegations realleged in Paragraph 17 of the Amended Complaint.

18. Circle K Defendants deny the allegations of Paragraph 18 of the Amended Complaint.

19. Circle K Defendants deny the allegations of Paragraph 19 of the Amended Complaint.

20. Circle K Defendants deny the allegations of Paragraph 20 of the Amended Complaint.

21. Circle K Defendants deny the allegations of Paragraph 21 of the Amended Complaint.

22. Circle K Defendants deny the allegations of Paragraph 22 of the Amended Complaint.

23. Circle K Defendants deny the allegations of Paragraph 23 of the Amended Complaint.

**B.     Count II:  Violation of the Digital Millennium Copyright Act**

24. Circle K Defendants deny the allegations realleged in Paragraph 24 of the Amended Complaint.

25. Circle K Defendants deny the allegations of Paragraph 25 of the Amended Complaint.

26. Circle K Defendants deny the allegations of Paragraph 26 of the Amended Complaint.

27. Circle K Defendants deny the allegations of Paragraph 27 of the Amended Complaint.

28. Circle K Defendants deny the allegations of Paragraph 28 of the Amended Complaint.

## VI.  PRAYER FOR RELIEF

29. In response to Plaintiff's Prayer For Relief, Circle K Defendants deny that Plaintiff is entitled to any of the relief requested in the Amended Complaint.

30. All allegations in the Amended Complaint, whether explicit or implicit and including allegations contained in headings, that require an answer are denied to the extent that those allegations are not expressly and specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. This Court lacks personal jurisdiction over Circle K Defendants in connection with this lawsuit.

3. Venue is improper.

4. Plaintiff has not suffered any injury or damages as a result of the conduct alleged.

5. Plaintiff has failed to mitigate its damages, if any.

6. Plaintiff's claims are barred in whole or part by the applicable statute of limitations.

7. Plaintiff's claims are barred in whole or part by the doctrines of laches and/or waiver.

8. Plaintiff's claims are barred because Circle K Defendants were licensed to engage in the conduct alleged and/or Plaintiff granted permission.

9. Plaintiff's claims are barred under the fair use doctrine.

10. Plaintiff's claims are barred because Circle K Defendants' alleged conduct is protected by the First Amendment.

11. Plaintiff's claims should be dismissed or stayed pending arbitration.

12. Plaintiff lacks standing.

13. Plaintiff's alleged copyright registrations are invalid and/or defective.

14. Plaintiff's alleged copyrights are not works made for hire.

15. Plaintiff is not entitled to statutory damages.

16. Plaintiff is not entitled to exemplary damages, attorney's fees, costs or interest.

17. Plaintiff is not entitled to an injunction or seizure order.

18. Circle K Defendants reserve the right to amend their Defenses and Affirmative Defenses.

Having set forth its answer, defenses and affirmative defenses to Plaintiff's Amended Complaint, Circle K Defendants respectfully request that the Court grant the following relief:

1. Dismissal of the Amended Complaint with prejudice.

2. Leave to amend this answer, defenses and affirmative defenses to conform to proof later discovered, pled or offered.

3. Such other relief as the Court deems just and equitable.

| | | |
|---|---|---|
| 1 | Dated: July 27, 2018 | Respectfully submitted, |
| 2 | | FENWICK & WEST LLP |

By: *s/David K. Tellekson*
David K. Tellekson, WSBA No. 33523
Jonathan T. McMichael, WSBA No. 49895
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: dtellekson@fenwick.com
jmcmichael@fenwick.com

Anthony R. Zeuli (*pro hac vice* pending)
Brent Routman (*pro hac vice* pending)
Paige S. Stradley (*pro hac vice* pending)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Telephone: 612.332.5300
Facsimile: 612.332.9081
Email: tzeuli@merchantgould.com
broutman@merchantgould.com
pstradley@merchantgould.com

*Attorneys for Defendants Circle K Stores Inc., and TMC Franchise Corporation*

# CERTIFICATE OF SERVICE

I, Sharie L. Parks, hereby certify that on July 27, 2018, I caused the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF CIRCLE K. STORES INC. AND TMC FRANCHISE CORPORATION** to be served on the following parties as indicated below:

| | |
|---|---|
| **David A. Lowe, WSBA No. 24453**<br>701 Fifth Avenue, Suite 4800<br>Seattle, WA 98104<br><br>*Attorneys for Plaintiff*<br>*Media Partners Corporation* | [ ]  By United States Mail<br>[ ]  By Legal Messenger<br>**[X]  By Electronic CM/ECF**<br>[ ]  By Overnight Express Mail<br>[ ]  By Facsimile<br>[ ]  By Email [by agreement of counsel]<br>     Lowe@LoweGrahamJones.com |

Dated:  July 27, 2018

By: *s/Sharie L. Parks*
For David K. Tellekson, WSBA No. 33523
FENWICK & WEST LLP